AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana



| United States of America | ) | |
|---|---|---|
| v. | ) | |
| RICHARD ISLA TALENS | ) | Case No. |
| | ) | 24-mj-121 MAG |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  Begining at a time unknown through on or about 08/17/24  in the parish of  St. Tammany  in the
Eastern  District of  Louisiana , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252(a)(1) | Transportation of Child Pornography |
| 18 U.S.C. 2252(a)(4)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

/s/ Brian Villaflor
*Complainant's signature*

Brian Villaflor
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 20, 2024

*Judge's signature*

City and state:  New Orleans, Louisiana   Michael B. North, United States Magistrate Judge
*Printed name and title*

Fee _____
Process  2cc:USM
Dktd _____
CtRmDep _____
Doc. No _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-mj-121 |
| v. | * | SECTION: MAG |
| RICHARD ISLA TALENS | * | |
| | * | **FILED UNDER SEAL** |
| | * | |

\* \* \*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Brian Villaflor, hereafter referred to as your affiant, being duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with U.S. Immigration and Customs Enforcement, Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge (SAC) New Orleans, Louisiana. I have been employed as a SA with HSI since March of 2022. I subsequently attended the Criminal Investigator Training Program (CITP) and Homeland Security Investigation Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center (FLETC) where I was trained to conduct investigations regarding the violation of federal statutes. Prior to my employment with HSI New Orleans as a SA, I was a SA with the United States Secret Service ("USSS"). During my career with the USSS, I was assigned to a Cyber Fraud Task Force, I have led, conducted, and participated in criminal investigations involving bank fraud, wire fraud, identity theft, and access device fraud. As such, I am authorized to investigate violations of laws of the United States and execute warrants issued under the authority of the United States. I am currently assigned to the SAC New Orleans Cyber Crimes Group. I have participated in the execution of search warrants, the execution of arrest warrants, interviews and investigations of persons involved in criminal offenses, including, but not limited to, Title 18, United States Code,

Sections 2251, 2252, and 2252A, 2422(b) and 2423 (b) which criminalize, among other things, the production, possession, receipt, and transmission of visual depictions of the sexual exploitation of children. As customs officers, HSI SA's search authority can be found in Title 19, United States Code, Sections 482, 1467, 1496, 1581 and 1582. All persons, baggage, and other merchandise arriving in or leaving the United States are subject to inspection and search. I have received extensive training on border search authority and conducted border searches as a routine task.

2. This affidavit is made in support of a criminal complaint to arrest **RICHARD ISLA TALENS ("TALENS")** of Slidell, Louisiana for Transportation and Possession of Child Pornography in violation of Title 18, United States Code, Sections 2252(a)(1) and (a)(4)(B). The statements contained in this affidavit are based on information obtained through the course of the investigation, and on my experience and background as a Special Agent with HSI, as well as, information provided by other law enforcement officers, including other HSI Special Agents. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are sufficient to establish probable cause for issuance of the warrant.

## DETAILS OF INVESTIGATION

3. On or about August 16, 2024, Richard **TALENS**, hereinafter referred to as **TALENS**, traveled from London Heathrow Airport, United Kingdom via United Airlines 919 arriving at Washington Dulles International Airport, Virigina. **TALENS** was referred to secondary inspection by U.S. Customs and Border Protection (CBP).

4. **TALENS** stated to law enforcement that he was traveling from Istanbul, Turkey after spending five (5) weeks visiting his girlfriend. **TALENS** advised law enforcement his home address is 410 Michigan Avenue Slidell, LA 70458, the PREMISES.

5.      A CBP officer conducted a secondary inspection on **TALENS**. During the secondary inspection, a CBP officer requested **TALENS'** electronic devices for inspection pursuant to border search authority. **TALENS** provided his Apple iPhone XR, IMEI: 356428108524094 and an Apple MacBook, Serial Number: HRTJW2M51WFV. CBP's inspection of **TALENS'** electronic devices resulted in the finding of sexually explicit conduct involving minors. CBP then notified HSI Washington D.C. Special Agents (SAs).

6.      HSI Washington D.C. SAs, within the Child Exploitation Group, responded to Washington Dulles International Airport. **TALENS** was subsequently interviewed by HSI SAs, Agents advised **TALENS** of his *Miranda* rights, to which he understood, and he agreed to speak with SAs. During the audio-recorded, post-*Miranda* interview, **TALENS** provided, in substance and among other things, the following information:

   a. **TALENS** to Agents that he has purchased Child Sexual Abuse Material (CSAM) using cryptocurrency.

   b. **TALENS** explained to Agents there are two other electronic devices at the PREMISES that may have CSAM.

7.      HSI Washington D.C. SAs seized **TALENS'** electronic devices, in order to conduct a full computer forensic examination.

8.      On or about August 17, 2024, HSI New Orleans Special Agents received information from HSI Washington D.C. that **TALENS** may have files of sexually explicit conduct involving minors on their electronic devices located at the PREMISES.

9.      HSI Washington D.C. provided HSI New Orleans SAs information on the files of sexually explicit conduct involving minors that were located on **TALENS'** Apple MacBook. The video file, referenced above, was reviewed by an HSI Special Agent, who determined that it met

3

the definition of sexually explicit conduct involving minors as defined by Title 18, United States Code, Section 2256. The video file on **TALENS'** Apple MacBook is described as follows:

- Depicts a prepubescent female child performing oral sex on an adult male's erect penis.

## EXECUTION OF FEDERAL SEARCH WARRANT

10. On August 17, 2024, your affiant presented a Federal Search Warrant to the Honorable Eva J. Dossier, United States Magistrate Judge, requesting authority to search the PREMISES of **TALENS** located at 410 Michigan Avenue, Slidell, LA 70458, and to search and seize evidence related to violations of Federal child pornography laws.

11. On August 17, 2024, HSI New Orleans SAs and the Slidell Police Department executed the federal search warrant on the PREMISES. Upon executing the search warrant of the PREMISES, contact was made with **TALENS**, his mother, and his sister.

## INTERVIEW OF RICHARD TALENS

12. **TALENS** was interviewed by your affiant and another HSI agent, who identified themselves as law enforcement to **TALENS**. **TALENS** provided to SAs his date of birth and stated he has lived at the PREMISES for the past two (2) years. Your affiant advised **TALENS** of his *Miranda* rights, to which he understood, and he agreed to speak with SAs. During the audio-recorded, post-*Miranda* interview, **TALENS** provided, in substance and among other things, the following information:

   a. **TALENS** explained to SAs that within the PREMISES, his bedroom is located upstairs and to the left.

   b. **TALENS** stated to SAs that he has approximately three (3) Apple MacBook laptops located within his bedroom.

c. **TALENS** explained to SAs that he arrived from Washington Dulles International Airport (Dulles) today. He was in Turkey for approximately five (5) weeks visiting his girlfriend.

d. Your affiant explained to **TALENS,** his Apple MacBook laptop that was seized in Dulles by law enforcement, contained child pornography. **TALENS** stated, "Yeah."

e. Your affiant asked **TALENS**, "How did that happen?" **TALENS** responded, "it's a porn kink."

f. **TALENS** explained he got more into "extreme porn" as he got older.

g. **TALENS** admitted to SAs, that he looks at it (child pornography) from time to time.

h. **TALENS** explained he would "fantasize". He explained an example, such as hanging out with his girlfriend and her nine (9) year old sister.

i. **TALENS** stated he has been downloading this stuff (child pornography) for approximately five (5) to six (6) years.

j. **TALENS** explained he found links/forums online to download child pornography.

k. **TALENS** stated there is no child pornography on his laptops within his bedroom, but there was in the past.

l. **TALENS** stated he deleted a few files today and cleared out his recycling bin on a laptop.

m. **TALENS** explained last year, he went through a "this is kind of gross, I'm going to delete everything phase."

5

    n. **TALENS** admitted to using cryptocurrency to purchase CSAM. Once purchased, **TALENS** would receive a link to the download sites via email (Gmail and Proton Mail).

    o. **TALENS** admitted to "talking" and receiving "selfie" nudes from a sixteen (16) year old via Snapchat.

    p. **TALENS** stated he looks at child pornography on his Apple MacBook that was seized by law enforcement in Dulles. **TALENS** stated he viewed child pornography on the same MacBook while he was in Turkey, as well as approximately five (5) weeks ago at his home which is located in the Eastern District of Louisiana.

    q. Your affiant asked **TALENS** if there are any other electronic devices containing child pornography. **TALENS** stated to SAs there is a black USB that he "threw into some water." It is in his trash can, he just wanted it deleted.

    r. **TALENS** explained to SAs a lot of the stuff on the USB is not necessarily child porn, but "not consensual". **TALENS** confirmed to SAs, there is child pornography on the USB.

    s. **TALENS** stated to SAs that "rape porn" turns him on.

13.     During the execution of the search warrant, SAs observed within the trash can of **TALENS**' bedroom, a SanDisk USB thumb drive in a bottle, that was submerged in liquid or what appeared to be water. A photo of the condition of the above thumb drive is depicted below for the court:



14.     HSI SA's seized **TALENS'** thumb drive and other electronic devices, in order to conduct a full computer forensic examination.

### COMPUTER FORENSIC PREVIEW OF THUMB DRIVE

15.     An HSI Computer Forensics Agent conducted a forensic preview of the above thumb drive and located various files of child sexual abuse material (CSAM). Your affiant viewed the files and confirmed the thumb drive of **TALENS** contains sexually explicit conduct involving minors. Below is a description of one of the files:

- A file titled "***105bue.mp4***", which is a video file, approximately five (5) minutes and twenty-three (23) seconds long, depicts a prepubescent female child nude exposing her vagina. The child is seen using what appears to be a hair

7

straightener/curling iron and she inserts it into her vagina. Throughout the course of the video, the child is rubbing her vaginal area.

16. Based on the investigation, your affiant submits there is probable cause that **TALENS** knowingly used the internet, or another such application, to possess child pornography via a computer or other device such as a thumb drive. The file depicting the sexual exploitation of a minor would have therefore traveled in interstate or foreign commerce.

17. Based on this information, **TALENS** did transport and possess child pornography in violation of Title 18, United States Code, Sections 2252(a)(1) and (a)(4)(B).

## STATUTORY AUTHORITY

18. This investigation concerns alleged violations of Title 18, United States Code, Sections 2252(a)(1) – certain activities relating to material involving the sexual exploitation of minors (transportation and possession of child pornography).

Title 18, United States Code, Section 2252(a)(1) provides:

(a) Any person who –

(1) knowingly transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails, any visual depiction, if—

   (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
   (B) such visual depiction is of such conduct.

Title 18, United States Code, Section 2252 (a)(4)(B) provides:

(a) Any person who –

(4)(B) knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if –

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct, and
(B) such visual depiction is of such conduct.

## CONCLUSION

19. Based on the above information, your affiant respectfully submits that there is probable cause to issue an arrest warrant charging **RICHARD ISLA TALENS** with Transportation and Possession of Child Pornography in violation of Title 18, United States Code, Sections 2252(a)(1) and (a)(4)(B).

Respectfully submitted,

*/s/ Brian Villaflor*
Brian Villaflor
Special Agent
Homeland Security Investigations

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Subscribed and sworn to before me on
this 20th day of August, 2024
in New Orleans, Louisiana.

_____
HONORABLE MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

9